IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA MELTON, | : | |
| Plaintiff | : | Civil Action 2:09-cv-972 |
| v. | : | Judge Graham |
| CLEARFIELD OHIO HOLDINGS, INC., et al., | : | Magistrate Judge Abel |
| | : | |
| Defendants. | | |

ORDER

This matter is before the Court pursuant to Defendants' motion for reconsideration of the Court's July 30, 2010 order granting Plaintiff's motion to compel and awarding Plaintiff expenses in the amount of $500.00 (Doc. 25).

On July 19, 2010, Plaintiff filed a motion to compel certain discovery responses (Doc. 22). He stated that he had propounded discovery requests upon Defendants on March 25, 2010, and had later, in April, granted a requested thirty-day extension of time to respond. Despite this, however, Plaintiff received no response to his discovery requests. On July 2, 2010, Plaintiff's counsel notified Defendant's counsel that the discovery responses were overdue, and requested a response within five days. In his motion of July 19, 2010, Plaintiff stated that he had received no response. (Doc. 22 at 3-4.)

On July 27, 2010, Defendants filed a memorandum contra this motion.

1

Defendants' counsel stated that their dilatory response was caused by an oversight, and that as soon as he had received Plaintiff's motion to compel he had called to apologize and had offered the responsive materials within four days.  He stated also that he had, in good faith, accommodated all of Plaintiff's discovery demands in this litigation, and that the delay had been due to the press of business in parallel litigation and the loss of his legal secretary to unexpected medical leave.  Defendants requested that the motion be denied as now moot.

On July 30, 2010, following a telephone conference, the Magistrate Judge granted the motion to compel.  (Doc. 25.)  He found that Defendants' counsel had offered no reasonable explanation for failing to provide discovery responses following the extended May deadline he had requested, and that it was counsel's responsibility to meet his obligations to opposing counsel and the court.  The Magistrate Judge determined that the failure of Defendants' counsel was not substantially justified, and that an award of expenses, in the amount of $500.00, spent preparing and filing the motion to compel would be just.

Defendants now request, pursuant to Fed. R. Civ. P. 72(a), reconsideration by the District Judge of this expenses award.  They object to the award of expenses on grounds that the plaintiff has not been harmed in any way by the inadvertent failure of Defendants' counsel to timely serve the discovery responses, and that Defendants' counsel had accommodated other, substantially burdensome, requests from Plaintiff for free copies of medical records.  Defendants state, in sum:

As noted above, the defendants did not oppose plaintiff's discovery.  It

2

>   was overlooked. When it was brought to the attention of the undersigned, it was corrected within four days. Thus, there has been a technical violation of the Rules, but the undersigned counsel respectfully submits that the award of attorney's fees in the amount of Five Hundred and 00/100 Dollars ($500.00) is disproportionate to any harm or prejudice, since there was none. The undersigned requests that this Court not elevate form over substance, and in the totality of the circumstances of this case, set aside the order granting the award of expenses in the amount of Five Hundred and 00/100 Dollars ($500.00).

(Doc. 28 at 4.)

However, what Defendants characterize as the failure to produce discovery being "brought to the attention of the undersigned" was Plaintiff's July 19, 2010 motion to compel. But the motion to compel was preceded by a July 2, 2010 letter alerting Defendants to the fact that they had missed the extended due date and a request that the discovery be provided within an additional five days. Defendants did not respond to this letter. Thus, Defendants statement that their failure to respond was corrected within four days after it was brought to their attention is not correct. Plaintiff did not file his motion to compel until 17 days after the July 2 letter. Under the circumstances, Plaintiff had no alternative but to file the motion to compel. Defense counsel has offered no legitimate reason for his failure to provide the discovery in a timely fashion.

The harm accruing to Plaintiff was the necessity of his attorney preparing and filing a four-page motion in order to obtain the discovery responses he requested and to which he was entitled. That Plaintiff should have had to have done so is unfortunate; all the more so if, as Defendants' counsel states, the failure

3

to respond was simply an oversight.  Nevertheless, Plaintiff was forced to expend resources as a result of Defendants' inactions, and, as the Magistrate Judge found, he should recoup them.  The award of expenses here is not some sort of statutory damages or a punitive sanction; the Magistrate Judge based it upon, and limited it to, Plaintiff's actual expenses in filing his motion, which he determined to be $500.00.  The Court affirms this award.  The motion for reconsideration (Doc. 25) is DENIED.

**It is so ORDERED.**

                                              s/ James L. Graham
                                              JAMES L. GRAHAM
                                              United States District Judge

DATE: September 23, 2010