IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Joshua Melton, | : | |
| Plaintiff | : | Civil Action 2:09-cv-972 |
| v. | : | Judge Graham |
| Clearfield Ohio Holdings, Inc., *et al.* | : | Magistrate Judge Abel |
| Defendants. | : | |

**ORDER**

On July 30, 2010, the Magistrate Judge issued an order granting a motion to compel discovery, and awarding Plaintiff sanctions pursuant to Fed. R. Civ. P. 37(a)(4) in the amount of $500.00 for the failure of Defendant's counsel to timely provide responses to Plaintiff's discovery requests (Doc. 25). On September 24, 2010, the District Judge issued an order denying Defendant's motion for reconsideration (Doc. 32).

Plaintiff has now filed a new motion for sanctions (Doc. 35). He states that, on October 7, 2010, his counsel, Mr. Jason Leasure sent an email to Defendant's attorney, Mr. Jeffrey Tasse, demanding immediate payment of the $500.00 and threatening a new motion for sanctions if he did not pay. When Leasure received no response to his email, he sent a letter on October 12, 2010 with the same demand. On the same day, Mr. Tasse sent a response by letter and email:

1

> I received your email of October 7, 2010 in the above case stating:
> "Please remit payment immediately for the attorney fees awarded in
> this case."
>
> To my knowledge, and based upon my review of the Ohio Civil Rule 54,
> I believe that this is an interlocutory order and one subject to revision
> at any time before the conclusion of this case. This is the reason why
> this amount has not been paid. An interlocutory order is not binding,
> and therefore payment is not due and owing at this time. If you have
> legal authority to the contrary, please advise me.

(Doc. 35-3 at 1.) Plaintiff thereupon filed a motion requesting that the Court order immediate payment of the $500.00, together with new attorney fees related to filing the new motion.

Defendant has filed its own cross-motion for sanctions (Doc. 39). It maintains that Plaintiff's motion "is improper, contrary to the Federal Civil Rules and case law, and designed only to harass and frustrate the spirit of the Local Rules for this Honorable Court which encourage civility, courtesy and respect." (*Id.* at 1.) The substance of Defendant's argument is that the United States Supreme Court in *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198 (1999) held that sanctions under Fed. R. Civ. P. 37 are not final appealable orders, and that therefore the $500.00 is not payable right away.

Defendant's interpretation of *Cunningham* has merit. Although the Supreme Court did not actually address the question of when sanctions were payable, it strongly implied that a district court which had imposed sanctions remained able to review the matter before final judgment, which implies that immediate payment is not automatically compelled. "Finally, in a particular case, a district court can

reduce any hardship" imposed by sanctions not immediately appealable "by reserving until the end of the trial decisions such as whether to impose the sanction, how great a sanction to impose, or when to order collection." *Id.* at 210.[1]

However, the Court finds that Defendant's request for sanctions is completely without merit.  Defendant argues that:

> Had Plaintiff's counsel consulted the Federal Rules of Civil Procedure, or the case of *Cunningham v. Hamilton County, Ohio, supra*, he would have discovered, if he did not already know, that there was merit in the position taken by the Defendants and defense counsel, and at the very least, he could have telephoned or provided legal authority to the contrary as was requested in the undersigned's letter of October 12, 2010.

(Doc. 39 at 4-5.)  Defendant suggests that, "since the Plaintiff's motion is frivolous and unnecessary", the Court order Plaintiff to pay its expenses incurred in opposition the motion.  As it would happen, Defendant suggests that $500.00 would be an appropriate sanction, "which would offset the Court's earlier award… and return the parties to a level ground".  (*Id.* at 5.)

The Court notes that the letter of Defendant's counsel, which Defendant implies was self-explanatory, referred only to the interpretation of "Ohio Civil Rule 54", not Fed. Rs. Civ. P. 37 or 54, and made no reference at all to *Cunningham*, which it argues Plaintiff's counsel should have had the insight to consider. Defendant's counsel also made no reference to any authority other than the mis-cited rule itself and "my knowledge", which Defendant suggests Plaintiff should be

---

[1] Mr. Tasse's assertion in his letter that the Court's order was "not binding", however, is unsound.

3

sanctioned for having failing to rebut. Moreover, it is not self-evident from *Cunningham* that, even if sanctions are not appealable, they still are not payable immediately:

> It should be noted, however, that an attorney ordered to pay sanctions is not without a remedy in every case. If the trial court declines to stay enforcement of the order and the result is an exceptional hardship itself likely to cause an injustice, a petition for writ of mandamus might bring the issue before the Court of Appeals to determine if the trial court abused its discretion in issuing the order or denying the stay.

*Cunningham*, 527 U.S. at 211 (Kennedy, J., concurring). It would seem that, if Defendant did not wish to pay the sanctions immediately, it should have moved for a stay of the Court's order.

As the matter of the delay of Defendant's counsel in responding to Plaintiff's discovery requests, and its resulting $500.00 penalty, has now occupied four motions, one telephone conference, and three written orders of the Court, it is hereby **ORDERED** that the Court's Order of July 30, 2010 awarding sanctions to Plaintiff is **STAYED** pending the final disposition of this case.

Plaintiff's motion for sanctions (Doc. 35) is **DENIED**.

Defendant's motion for sanctions (Doc. 39) is **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P. and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the order, or part thereof, in question and the basis for any objection thereto. The

District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel
United States Magistrate Judge
